IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., ) | | |
| 425 Third Street, S.W., Suite 800 ) | | |
| Washington, DC  20024, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. |
| ) | | |
| v. ) | | |
| ) | | |
| U.S. DEPARTMENT OF HEALTH & ) | | |
| HUMAN SERVICES, ) | | |
| 200 Independence Avenue, S.W. ) | | |
| Washington, DC 20201, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health & Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 200 Independence Ave., SW, Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 7, 2013, Plaintiff sent a FOIA request to Defendant, by certified mail, return receipt requested, seeking access to the following:

> --Any and all records concerning, regarding, or related to the number of individuals that purchased health insurance through healthcare.gov between October 1, 2013 and October 4, 2013.

6. According to the United States Postal Service's return receipt, Defendant received Plaintiff's FOIA request on October 22, 2013.

7. By letter dated October 30, 2013, Defendant acknowledged receipt of Plaintiff's request and assigned the request Control Number 102520137024 and PIN KVHW.

8. Defendant was required to determine whether to comply with Plaintiff's request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by November 21, 2013 at the latest.

9. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or

notify Plaintiff of his right to appeal any adverse determination to the head of the agency.   Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10.  Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.  Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.  Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.  Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 25, 2013                    Respectfully submitted,

                                                             JUDICIAL WATCH, INC.

                                                             /s/ Paul J. Orfanedes
                                                             D.C. Bar No. 429716
                                                             425 Third Street, S.W., Suite 800
                                                             Washington, DC 20024
                                                             (202) 646-5172

                                                             *Attorneys for Plaintiff*